UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

05    1 C

)
)
DWIGHT RICHARD HARRIS, II,    )
)
           *Plaintiff*,    ) **MAGISTRATE JUDGE** _____
)
    v.    )    CIVIL ACTION NO.:
)
FOODLOGIC, L.L.C., FLORENCE )
SENDER, ROBERT ABEL and    )
EMANUEL GERARD,    )
)
          *Defendants*.    )
)
_____ )

RECEIPT #_____
AMOUNT $2.50
SUMMONS ISSUED YES
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK,_____
DATE 3/30/05

## NOTICE OF REMOVAL

    1. Defendants FoodLogic, L.L.C., Florence Sender, Robert Abel, and Emanuel Gerard

(collectively the "Petitioners") respectfully submit that they are named Defendants in the above-

entitled civil action brought by Plaintiff Dwight Richard Harris, II, which is now pending in the

Massachusetts Superior Court for the County of Middlesex, Civil Action No. 2004-MCV-

01104-J.

    2. On or about March 19, 2004, this action was commenced in the aforesaid Middlesex

Superior Court, and Petitioners were served with the Summons and Complaint shortly thereafter.

Because the original Complaint did not contain a claim based on federal law and the named

defendants, three of whom are citizens of Massachusetts, do not have complete diversity, this

case was not removable to this Court at that time. *See* 28 U.S.C. § 1441.

3. On or about February 9, 2005, Plaintiff filed a Motion for Leave of Court to Amend Complaint in which he sought to add two counts to his original Complaint: one under the Commonwealth of Massachusetts wage law, M.G.L. ch. 149, § 148, and one under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA Claim"). By order of the Superior Court dated March 2, 2005, the Court allowed Plaintiff's Motion to Amend Complaint. Attached hereto as Exhibit 1 is a copy of the Superior Court's March 2nd order, attached hereto as Exhibit 2 is a copy of Plaintiff's Amended Complaint, and attached hereto as Exhibit 3 is a copy of Petitioners' Answer to Amended Complaint.

4. Jurisdiction: Because of the addition of the FLSA Claim, a claim based on federal law, this Court has jurisdiction over this case. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.")

5. Removal: Pursuant to 28 U.S.C. § 1441(a), this action is one which may be removed by Petitioner to this Court. Pursuant to 28 U.S.C. § 1446(b), the time by which Petitioners must file this Notice of Removal has not expired. This case became removable as soon as the Petitioners received notice of the Superior Court's March 2nd order on March 4, 2005, which is less than 30 days prior to the filing date of the instant Notice of Removal.

6. Pendent Jurisdiction: Because the FLSA Claim is based on the same alleged facts and circumstances as the state-law claims, this Court has supplemental jurisdiction over all of the claims contained in the Amended Complaint. 28 U.S.C.A. § 1367(a). Moreover, because the FLSA Claim and the state law claims herein derive from a common nucleus of alleged facts, in the interest of judicial economy, convenience, and fairness to the litigants, all of the claims

asserted in Plaintiff's Amended Complaint should be adjudicated in one proceeding by this Court. *See* United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

7. Venue. Pursuant to 28 U.S.C. § 1446(a), venue is proper in the District of Massachusetts (Eastern Section).

8. After filing this Notice of Removal for this action in the United States District Court for the District of Massachusetts, (a) written notice of the filing of this notice will be given by the attorney for Petitioners to the attorney for Plaintiff as required by law; (b) a certified copy of this Notice will be filed with the Clerk of the Superior Court for the County of Middlesex; and (c) certified copies of all pleadings on file in said Middlesex Superior Court will be filed with this Court.

9. Petitioners have good and sufficient defenses to Plaintiff's claims in this action.

10. No previous application for the relief sought herein has been made to this or any other court.

WHEREFORE, Petitioners request that this entire action be removed from the Massachusetts Superior Court for the County of Middlesex to the United States District Court for the District of Massachusetts.

Dated: Boston, Massachusetts
      March 30, 2005

DEFENDANTS
FOODLOGIC, L.L.C., FLORENCE
SENDER, ROBERT ABEL and
EMANUEL GERARD,
By their attorney,

Spencer C. Demetros
(BBO #558874)
Law Offices of Spencer C. Demetros
100 Franklin Street, Suite 901
Boston, MA 02110
(617) 423-9955

JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Dwight Richard Harris, II

## DEFENDANTS

Food Logic LLC
Florence Sender
Robert Abel
Emanuel Gerard

(b) County of Residence of First Listed Plaintiff  Middlesex
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Middlesex
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Charles Rodman (617) 244-3550
Dunbar & Rodman
One Gateway Ctr. Site 405  Boston MA 02458

Attorneys (If Known)
Spencer L. Demetros
100 Franklin St. Suite 401
Boston, MA 02110
(617) 423-9955

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☒ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | ☐ 365 Personal Injury - Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | **PERSONAL PROPERTY** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 370 Other Fraud | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 371 Truth in Lending | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 380 Other Personal Property Damage | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 385 Property Damage Product Liability | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | |
| | ☐ 442 Employment | **Habeas Corpus:** | | |
| | ☐ 443 Housing/ Accommodations | ☐ 530 General | | |
| | ☐ 444 Welfare | ☐ 535 Death Penalty | | |
| | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Alleged violation of 29 U.S.C. §201 et seq.

Brief description of cause:
Suit for alleged nonpayment of wages / FLSA

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ In excess of $100,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):  Removal from State Superior Ct

JUDGE _____

DOCKET NUMBER  State Docket # 04-1104-J

DATE  3/30/05

SIGNATURE OF ATTORNEY OF RECORD  Spencer L. Demetros

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only) _Dwight Richard Hams, II_ v
   _FoodLogiq LLC et al_

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local
   rule 40.1(a)(1)).

   ___  I.  160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ✓  II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    for patent, trademark or copyright cases

   ___  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   ___  IV.  220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ___  V.  150, 152, 153.

3. Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this
   district please indicate the title and number of the first filed case in this court.
   _None — Only State court Case sought to be removed._

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28
   USC §2403)

   YES ☐    NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐    NO ☒

7. Do all of the parties  in this action, excluding governmental agencies of the united states and the Commonwealth of
   Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☒    NO ☐

   A.  If yes, in which division do all of the non-governmental parties reside?

       Eastern Division ☒    Central Division ☐    Western Division ☐

   B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
       agencies,  residing in Massachusetts reside?

       Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes,
   submit a separate sheet identifying the motions)

   YES ☐    NO ☒

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME _Spencer C. Demetros_

ADDRESS _100 Franklin St. Suite 901, Boston MA 02110_

TELEPHONE NO. _(617) 423-9955_

(CategoryForm.wpd - 2/15/05)

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

Civil Docket **MICV2004-01104**

RE: Harris, II v FoodLogic, LLC et al

TO: Spencer C Demetros, Esquire
Demetros Law Offices (Spencer)
100 Franklin St., Suite 901
Boston, MA 02110

### CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on **03/02/2005**:

*RE: Plff's MOTION to amend complaint to add (2) Counts, defts' opposition, affidavit of Charles F. Rodman, Esq. in compliance rule 9A*

**is as follows:**

**MOTION (P#7) Motion ALLOWED Dated: February 28, 2005 (Frank Gaziano, Justice) Notices mailed March 02, 2005**

Dated at Cambridge, Massachusetts this 2nd day of March, 2005.

Edward J. Sullivan,
Clerk of the Courts

BY:

James Lynch
Assistant Clerk

Telephone: 617-494-4010 EXT 4274

Copies mailed 03/02/2005

cvdresult_2.wpd 2690256 motallow johnson

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.
                                    SUPERIOR COURT
                                    CIVIL ACTION NO. 04-1104-J

```
_____
                              )
DWIGHT RICHARD HARRIS, II     )
                              )
              Plaintiff       )
                              )
v.                            )
                              )
FOODLOGIC, LLC, FLORENCE      )
SENDER, ROBERT ABEL and       )
EMANUEL GERARD,               )
                              )
              Defendants      )
_____)
```

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

1.    The plaintiff, D. Richard Harris ("Harris"), is an
individual who currently resides at 47 Emerson Road, Watertown,
Middlesex County, Massachusetts.

2.    The defendant, FoodLogic, LLC ("FoodLogic"), is a
Delaware limited liability company with a usual place of
business located at 1007 Chestnut Street, Suite C, Newton,
Middlesex County, Massachusetts.

3.    The defendant, Florence Sender ("Sender"), is an
individual who currently resides at 76 Carleton Street, Newton,
Middlesex County, Massachusetts.  Sender is a Manager of
FoodLogic.

4.    The defendant, Emanuel Gerard ("Gerard"), is an individual who currently resides at One East End Avenue, New York, NY.  Gerard is a Manager of FoodLogic.

5.    The defendant, Robert Abel ("Abel"), is an individual who currently resides at Union Wharf, Boston, Massachusetts. Abel is a Manager of FoodLogic.

6.    By letter dated August 20, 2001, FoodLogic and its Managers (Sender, Abel and Gerard – collectively the "Managers") offered an employment position to Harris.  Harris was offered the position of Director of Supply Chain Management and Logistics ("Director of Operations") at a rate of One Hundred Seventy-Five Thousand Dollars ($175,000.00) per year.  Harris was also offered benefits such as full health insurance coverage, paid time off, vacation, full relocation expenses and participation in FoodLogic's "Cash Bonus Plan" – which was described as a "vehicle for distribution of cash profits and terminal value distributed to management and consultants."

7.    On or about September 4, 2001, Harris and Sender had a telephone conversation during which Harris and Sender discussed the employment offer.  During the conversation, Sender confirmed the terms of the offer and informed Harris that, in addition to the original terms of the offer, the Managers agreed to: full sponsor (make full payment for) Harris' attendance at the 2002 Agribusiness Seminar at the Harvard Business School (which

2

Harris attended in 2003 because he was not permitted to attend in 2002); pay for Harris' transitional living expenses; and give Harris the opportunity to invest between $25,000.00 and $50,000.00 in the company.

8.     By letter dated September 4, 2001 to Sender, Harris formally accepted FoodLogic's offer for him to become FoodLogic's Director of Operations.  The acceptance letter, referred to above, contained the new terms agreed to by Sender and Harris during the telephone conversation of September 4, 2001.

9.     In reliance on the promises of Sender and FoodLogic's other Managers, Harris moved to Boston to begin his employment with FoodLogic.

10.    Harris began working for FoodLogic on or about October 8, 2001 and worked continuously, on a full-time basis, as its Director of Operations until at least August 16, 2002 when Harris was forced to terminate his employment relationship with FoodLogic due to the company's repeated failure to compensate him for his services.

11.    The compensation Harris received from FoodLogic and its Managers was spotty and, at best, substantially delayed and incomplete.

12.    Harris received no compensation from the commencement of his employment, in October of 2001, through January 1, 2002.

3

After discussions with Sender regarding the Managers' failure to fulfill their promise to compensate Harris, despite Harris' continual work for the company, FoodLogic began issuing Harris biweekly payments, not for the full amount to which he was entitled, but for Seventy-Five Percent (75%) of the agreed upon salary. FoodLogic made these reduced payments to Harris for the period of January 2002 through July 2002, at which point the payments ceased altogether. Even after the Managers abruptly stopped compensating Harris, Harris continued to fulfill his obligations and provide the company with his services through at least August 16, 2002 – while all along being promised that payment for such services would eventually be made to him.

13. Neither FoodLogic nor its Managers ever made any payment to Harris for Harris' promised attendance at the 2002 (or 2003) Agribusiness Seminar at the Harvard Business School. Harris advanced his own funds to pay for the seminar.

14. Neither FoodLogic nor its Managers ever made payment to Harris for Harris' transitional living expenses. Harris advanced his own funds (approximately One Thousand Six Hundred Dollars ($1,600.00) to pay for his transitional living expenses until he became situated in Boston.

15. Neither FoodLogic nor its Managers ever made payment to Harris for Harris' relocation expenses. Harris advanced his own funds to pay for his relocation from Atlanta to Boston.

4

16.   Neither FoodLogic nor its Managers ever permitted Harris to participate in FoodLogic's "Cash Bonus Plan." Harris was always led to believe that he was, in fact, a participant in the plan and that such participation would yield him a share of the company's profits.

17.   Documents produced to Harris by Sender and FoodLogic's Controller, Celine Foster, during his employment with FoodLogic served to acknowledge that substantial funds were owed to Harris for the services he performed for the Managers and the company. However, the Managers and the company have chosen to ignore their payment obligations to Harris with the hope of never having to make any payments to Harris whatsoever.

18.   Harris has learned through numerous conversations with other former employees and independent contractors of Sender and FoodLogic that this is not the first instance in which FoodLogic and the Managers have failed to pay for services performed for them and the company. Such pattern of conduct is consistent with the Managers' having made fraudulent misrepresentations to Harris (as well as other employees and contractors) in an attempt to extract high-level services in exchange for promises which the Managers and the company never had any intention of keeping.

19.   Since leaving the employment of FoodLogic, Harris has made numerous telephone calls to Sender and sent numerous e-

5

mails and several letters to Sender in an attempt to collect the compensation owed to him.   These attempts have been unsuccessful and the Managers continue to refuse payment for the services rendered by Harris.

## COUNT I
## BREACH OF CONTRACT/AGREEMENT
## HARRIS V. FOODLOGIC

20.   Harris restates and incorporates paragraphs 1-19 as fully set forth herein.

21.   FoodLogic and Harris agreed that Harris would move from Atlanta to Boston to work as FoodLogic's Director of Operations and apply his significant experience in the food and beverage industry to the company in exchange for: an annual salary of One Hundred Seventy-Five Thousand Dollars ($175,000.00); full health benefits; paid time off; vacation; full relocation expenses; participation in FoodLogic's "Cash Bonus Plan;" full sponsorship at the 2002 Agribusiness Seminar at the Harvard Business School; transitional living expenses; and the opportunity to invest between $25,000.00 and $50,000.00 in the company.

22.   FoodLogic breached its agreement with Harris by failing to make payment to Harris of the agreed-upon salary; and by failing to make payment of relocation, transitional living, and seminar reimbursement payments to Harris.   Additionally, the

company failed to provide the other benefits offered – such as the "Cash Bonus Plan."

23.   As a result of the breaches committed by FoodLogic, Harris has sustained damages in the amount of One Hundred and Three Thousand Seventy-Five Dollars and Thirty-Three Cents ($103,075.33), as well as interest, costs and attorney's fees.

COUNT II
QUANTUM MERUIT
HARRIS V. FOODLOGIC, SENDER, ABEL AND GERARD

24.   Harris restates and incorporates paragraphs 1-23 as fully set forth herein.

25.   As a result of the services performed by Harris for FoodLogic and the Managers, FoodLogic and the Managers have been unjustly enriched.

26.   FoodLogic and the Managers continue to refuse payment to Harris for the services he has rendered for which no payment has ever been made.

27.   As a result, Harris has sustained damages in the amount of Eighty-Eight Thousand Five Hundred and Nine Dollars and Fifty-Nine Cents ($88,509.59), in addition to interest, costs and attorney's fees.

COUNT III
INTENTIONAL MISREPRESENTATION (FRAUD)
HARRIS V. FOODLOGIC, SENDER, ABEL AND GERARD

28.   Harris restates and incorporates paragraphs 1-27 as fully set forth herein.

29.   By its promises and actions enumerated above, FoodLogic and the Managers intentionally enticed Harris to accept a position with them, move across the country - from Atlanta to Boston, and provide services to the company and the Managers.

30.   Such intentional representations were made for the purpose of causing Harris to rely on the promises made - which Harris did, in fact, rely upon.

31.   Harris relied upon the Managers' and FoodLogic's representations to his detriment as he was never fully compensated for his services and was never reimbursed for certain expenses which he was promised would be covered by the Managers or the company.

32.   As a result of their intentional misrepresentations, Harris has sustained damages in the amount of One Hundred and One Hundred and Three Thousand Seventy-Five Dollars and Thirty-Three Cents ($103,075.33), as well as interest, costs and attorney's fees.

## COUNT IV
## NEGLIGENT MISREPRESENTATION
### HARRIS V. FOODLOGIC, SENDER, ABEL AND GERARD

33.   Harris restates and incorporates paragraphs 1-34 as fully set forth herein.

34.   FoodLogic and the Managers failed to exercise due care, which they owed to Harris, when they made their promises

8

to Harris and during the term of his employment with the company.

35. FoodLogic and the Managers knew, or should have known, that they either would not make payments to Harris as promised or would not be able to make payments to Harris as promises.

36. FoodLogic and the Managers never disclosed to Harris that such payments would not be forthcoming or might not be forthcoming.

37. As a result, Harris relied on the Managers' representations to his detriment and has sustained damages in the amount of One Hundred and Three Thousand Seventy-Five Dollars and Thirty-Three Cents ($103,075.33), as well as interest, costs and attorney's fees.

COUNT V
BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
HARRIS V. FOODLOGIC, SENDER, ABEL AND GERARD

38. Harris restates and incorporates paragraphs 1-37 as fully set forth herein.

39. FoodLogic and the Managers had a duty to act in good faith and deal fairly with Harris during their negotiations, and ultimately Harris' employment relationship with them.

40. This duty arose, impliedly, out of FoodLogic's and the Managers' contract/agreement with Harris.

41. This duty included the requirement that no party shall do anything that will have the effect of destroying or injuring

9

the right of the other party to receive the fruits of the contract/agreement.

42. Neither FoodLogic nor its Managers acted in good faith in its dealings with Harris, and Harris was deprived of his rights under the established contract/agreement while the company and its Managers benefited from his services without properly or fully compensating him.

43. As a result, Harris sustained damages in the amount of One Hundred and Three Thousand Seventy-Five Dollars and Thirty-Three Cents ($103,075.33), as well as interest, costs and attorney's fees.

COUNT VI
VIOLATION OF M.G.L. c. 149, § 148
HARRIS V. FOODLOGIC, SENDER, ABEL AND GERARD

44. Harris restates and incorporates Paragraphs 1-39 as fully set forth herein.

45. Pursuant to the Agreement, Harris was an employee of FoodLogic.

46. Pursuant to the Agreement between Harris, FoodLogic and its Managers, Harris was entitled to an annual salary of One Hundred Seventy-Five Thousand Dollars ($175,000.00).

47. As set forth herein, FoodLogic and its Managers have failed to pay Harris wages that he is owed under his salary.

10

48. As a result of FoodLogic's and its Managers' refusal to pay Harris the compensation that he is owed, they have violated M.G.L. c. 149, § 148.

49. In accordance with M.G.L. c. 149 §§ 148 and 150, and c. 151 §§ 1B and 20, Harris has the right to exercise private suit and recover his lost wages in addition to treble damages, and attorneys fees.

50. As a result, Harris is entitled to all of his lost wages, treble damages, interest, costs, and attorneys fees.

COUNT VII
VIOLATION OF FAIR LABOR STANDARDS ACT
("FLSA"), 29 U.S.C. § 201, *et seq.*,
HARRIS V. FOODLOGIC, SENDER, ABEL AND GERARD

51. Harris restates and incorporates Paragraphs 1-50 as fully set forth herein.

52. Pursuant to the Agreement, Harris was an employee of FoodLogic.

53. Pursuant to the Agreement between Harris, FoodLogic and its Managers, Harris was entitled to an annual salary of One Hundred Seventy-Five Thousand Dollars ($175,000.00).

54. As set forth herein, FoodLogic and its Managers have failed to pay Harris wages that he is owed under his salary.

55. As a result of FoodLogic and its Managers refusal to pay Harris the compensation that he is owed, they have violated Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

11

56.   FoodLogic's and its Managers' refusal to pay Harris was willful and their conduct constituted an intentional disregard for Harris's rights pursuant to the FLSA.

57.   As a result, Harris is entitled to all of his lost wages, liquidated damages, interest, costs, and attorneys fees.

WHEREFORE, the plaintiff, D. Richard Harris, hereby requests that the Court enter judgment in his behalf, and against the defendants, FoodLogic, LLC, Florence Sender, Robert Abel and Emanuel Gerard, and award to D. Richard Harris, the following damages:

1.   Eighty-Eight Thousand Five Hundred and Nine Dollars and Fifty-Nine Cents ($88,509.59) for services rendered to FoodLogic by Harris from the period of October 4, 2001 through at least August 16, 2002;

2.   Nine Thousand One Hundred and Sixty-Five Dollars and Seventy-Four Cents ($9,165.74) for relocation expenses;

3.   One Thousand Six Hundred Dollars ($1,600) for transitional living expenses;

4.   Three Thousand Eight Hundred Dollars ($3,800.00) for the Harvard Business School Agribusiness Seminar which was promised to Harris during Harris' negotiation of the original employment agreement; and

5.   Interest, costs, attorneys' fees, double or triple damages and such other relief as this Court deems just.

DEMAND FOR JURY TRIAL

The plaintiff, D. Richard Harris, hereby claims a trial by jury on all claims stated herein.

DWIGHT RICHARD HARRIS, II,

By his attorneys,

Dated: January 18, 2005

Charles F. Rodman, BBO#641216
William R. Bagley Jr., BBO#644575
DUNBAR & RODMAN LLP
One Gateway Center
Suite 405
Newton, MA 02458
(617)244-3550

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand.

Dated: 1/7/05

Charles F. Rodman

13

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT
DEPARTMENT OF THE
TRIAL COURT

```
———————————————————    )
                       )
DWIGHT RICHARD HARRIS, II,  )
                       )
        Plaintiff,     )
                       )
    v.                 )        CIVIL ACTION NO.:  2004-MCV-01104-J
                       )
FOODLOGIC, L.L.C., FLORENCE )
SENDER, ROBERT ABEL and   )
EMANUEL GERARD,           )
                       )
        Defendants.    )
                       )
———————————————————    )
```

## ANSWER OF DEFENDANTS FOODLOGIC, L.L.C.,
## FLORENCE SENDER, ROBERT ABEL,
## and EMANUEL GERARD
## TO PLAINTIFF'S AMENDED COMPLAINT

Defendants FoodLogic, L.L.C. ("FoodLogic"), Florence Sender ("Sender"), Robert Abel

("Abel"), and Emanuel Gerard ("Gerard"), by their undersigned counsel, for their Answer to the

Amended Complaint ("Complaint") of Plaintiff Dwight Richard Harris, II ("Harris") state as

follows:

1. Are without knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 1.

2. Admit the allegations contained in paragraph 2 of the Complaint.

3. Admit the allegations contained in the first sentence of paragraph 3 of the Complaint. State that the second sentence of paragraph 3 asserts a legal conclusion for which no response is required.

4. Admit the allegations contained in the first sentence of paragraph 4 of the Complaint. State that the second sentence of paragraph 4 asserts a legal conclusion for which no response is required.

5. Admit the allegations contained in the first sentence of paragraph 5 of the Complaint. State that the second sentence of paragraph 5 asserts a legal conclusion for which no response is required.

6. Admit that FoodLogic sent Harris a letter date August 20, 2001, state that said letter speaks for itself and deny all other allegations contained in paragraph 6.

7. Admit that Sender had a telephone conversation in early September with Harris in which they discussed Harris's future employment with FoodLogic and that, in that conversation, Harris was informed that he may invest in the company, but deny all other allegations in paragraph 7.

8. Admit that Harris sent Sender a letter dated September 4, 2001, but state that said letter speaks for itself.

9. Defendants deny so much of Paragraph 9 as alleges that FoodLogic, Sender, Abel or Gerard made promises to Plaintiff. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations concerning Plaintiff's motivation for moving to Boston and, therefore, neither admit nor deny the same.

2

10. Defendants admit so much of Paragraph 10 as alleges that Plaintiff began performing services for FoodLogic on or about October 8, 2001 and ceased performing services for the company in the summer of 2002. Defendants deny the remaining allegations contained in Paragraph 10.

11. Deny the allegations contained in Paragraph 11.

12. Deny the allegations in paragraph 12 of the Complaint, except admit that FoodLogic made payments to Harris during the period of January 2002 through July 2002 compensating him for services rendered to FoodLogic.

13. Admit that Food Logic did not fund Harris's attendance at the Agribusiness Seminar, deny that FoodLogic had promised that it would fund Harris's attendance, and are without information or belief as to the rest of the allegations in paragraph 13.

14. Deny the allegations contained in paragraph 14 of the Complaint.

15. Deny the allegations contained in paragraph 15 of the Complaint.

16. Deny the allegations contained in paragraph 16 of the Complaint.

17. Deny the allegations contained in paragraph 17 of the Complaint.

18. Deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendants admit so much of Paragraph 19 as alleges that Plaintiff has communicated with Sender via telephone, and U.S. and electronic mail regarding his compensation. Defendants deny the remaining allegations contained in Paragraph 19.

COUNT I
BREACH OF CONTRACT/AGREEMENT
(HARRIS v. FOODLOGIC)

20. Defendant FoodLogic repeats and incorporates as if fully set forth herein its responses contained in Paragraphs 1 through 19 of this Answer.

21. Defendant FoodLogic denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant FoodLogic denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant FoodLogic denies the allegations contained in Paragraph 23 of the Complaint.

COUNT II
QUANTUM MERUIT
(HARRIS v. FOODLOGIC, SENDER, ABEL and GERARD)

24. Defendants repeat and incorporate as if fully set forth herein its responses contained in Paragraphs 1 through 23 of this Answer.

25. Deny the allegations contained in Paragraph 25 of the Complaint.

26. Deny the allegations contained in Paragraph 26 of the Complaint.

27. Deny the allegations contained in Paragraph 27 of the Complaint.

COUNT III
INTENTIONAL MISREPRESENTATION (FRAUD)
(HARRIS v. FOODLOGIC, SENDER, ABEL and GERARD)

28. Defendants repeat and incorporate as if fully set forth herein its responses contained in Paragraphs 1 through 28 of this Answer.

4

29. Deny the allegations contained in Paragraph 29 of the Complaint.

30. Deny the allegations contained in Paragraph 30 of the Complaint.

31. Deny the allegations contained in Paragraph 31 of the Complaint.

32. Deny the allegations contained in Paragraph 32 of the Complaint.

## COUNT IV
## NEGLIGENT MISREPRESENTATION
### (HARRIS v. FOODLOGIC, SENDER, ABEL and GERARD)

33. Defendants repeat and incorporate as if fully set forth herein its responses contained in Paragraphs 1 through 32 of this Answer.

34. Deny the allegations contained in Paragraph 34 of the Complaint.

35. Deny the allegations contained in Paragraph 35 of the Complaint.

36. Deny the allegations contained in Paragraph 36 of the Complaint.

37. Deny the allegations contained in Paragraph 37 of the Complaint.

## COUNT V
## BREACH OF IMPLIED COVENANT OF
## GOOD FAITH AND FAIR DEALING
### (HARRIS v. FOODLOGIC, SENDER, ABEL and GERARD)

38. Defendants repeat and incorporate as if fully set forth herein its responses contained in Paragraphs 1 through 37 of this Answer.

39. State that Paragraph 39 of the Complaint asserts a conclusion of law for which no response is required.

40. State that Paragraph 40 of the Complaint asserts a conclusion of law for which no response is required.

5

41. State that Paragraph 41 of the Complaint asserts a conclusion of law for which no response is required.

42. Deny the allegations contained in Paragraph 42 of the Complaint.

43. Deny the allegations contained in Paragraph 43 of the Complaint.

## COUNT VI
### VIOLATION OF M.G.L. ch. 149, § 148
### (HARRIS v. FOODLOGIC, SENDER, ABEL and GERARD)

44. Defendants repeat and incorporate as if fully set forth herein its responses contained in Paragraphs 1 through 43 of this Answer.

45. Deny the allegations contained in Paragraph 45 of the Complaint except admit that, for a period of time, Harris was an employee of Food Logic.

46. Deny the allegations contained in Paragraph 46 of the Complaint.

47. Deny the allegations contained in Paragraph 47 of the Complaint.

48. Deny the allegations contained in Paragraph 48 of the Complaint.

49. State that Paragraph 49 of the Complaint asserts a conclusion of law for which no response is required.

50. Deny the allegations contained in Paragraph 50 of the Complaint.

## COUNT VII
### VIOLATION OF FAIR LABOR STANDARDS ACT
### ("FLSA"), 29 U.S.C. § 201, *et seq.*,
### (HARRIS v. FOODLOGIC, SENDER, ABEL and GERARD)

51. Defendants repeat and incorporate as if fully set forth herein its responses contained in Paragraphs 1 through 50 of this Answer.

52. Deny the allegations contained in Paragraph 52 of the Complaint except admit that, for a period of time, Harris was an employee of Food Logic.

53. Deny the allegations contained in Paragraph 53 of the Complaint.

54. Deny the allegations contained in Paragraph 54 of the Complaint.

55. Deny the allegations contained in Paragraph 55 of the Complaint.

56. Deny the allegations contained in Paragraph 56 of the Complaint.

57. Deny the allegations contained in Paragraph 57 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole of in part, to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Harris is barred from recovery by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Harris is barred from recovery by the doctrines of waiver and estoppel.

### FOURTH AFFIRMATIVE DEFENSE

The Defendants were not unjustly enriched because the compensation that Food Logic paid to Harris exceeded the value of any benefits to FoodLogic resulting from the services rendered by Harris to the company.

### FIFTH AFFIRMATIVE DEFENSE

Harris is barred from recovery because FoodLogic fully performed all of its obligations under the parties' agreements.

7

## SIXTH AFFIRMATIVE DEFENSE

The contract terms upon which Harris relies fail because there was no meeting of the minds concerning the rights and obligations of the parties.

## SEVENTH AFFIRMATIVE DEFENSE

No statement by any representative of FoodLogic was made to induce any action on the part of Harris.

## EIGHTH AFFIRMATIVE DEFENSE

None of the defendants ever made any knowing misrepresentations to Harris.

## NINTH AFFIRMATIVE DEFENSE

Without admitting that FoodLogic made any promises or representations to Harris, Harris's alleged reliance, if any, was unreasonable.

## TENTH AFFIRMATIVE DEFENSE

Harris is barred from recovery by the doctrines of accord and satisfaction.

## ELEVENTH AFFIRMATIVE DEFENSE

Harris is barred from recovery because any damages it suffered, which FoodLogic disputes, were caused by its own acts or omissions.

## TWELFTH AFFIRMATIVE DEFENSE

Harris is barred from recovery against the individual defendants because they were not his employers.

## THIRTEENTH AFFIRMATIVE DEFENSE

Harris is barred from recovery against Defendants Gerard and Abel because they were not involved with the terms and/or conditions of Harris's employment with Food Logic.

8

## FOURTEENTH AFFIRMATIVE DEFENSE

Harris is barred from recovery against Defendants Gerard and Abel because they had no knowledge of the facts and circumstances surrounding Harris's employment or payment history with Food Logic.

## FIFTEENTH AFFIRMATIVE DEFENSE

The claims asserted in this action against the defendants are frivolous and, therefore, the defendants are entitled to an amount representing reasonable costs and expenses it incurs in defending this action pursuant to M.G.L. ch. 231, § 6F.

WHEREFORE, Defendants respectfully request that judgment be entered:

(1)     dismissing the Complaint, with prejudice;

(2)     awarding Defendants its costs and attorneys' fees incurred in the defense of the Complaint; and

(3)     awarding FoodLogic such other and further relief as the Court may deem just and proper.

Dated: Boston, Massachusetts
March 28, 2005

DEFENDANTS
FOODLOGIC, L.L.C., FLORENCE
SENDER, ROBERT ABEL and
EMANUEL GERARD,
By their attorney,

Spencer C. Demetros
(BBO #558874)
Law Offices of Spencer C. Demetros
100 Franklin Street, Suite 901
Boston, MA 02110
(617) 423-9955

9

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for all parties to this action by mail on March 28, 2005.

Spencer C. Demetros